ORIGINAL

FILED
U.S. DISTRICT COURT
2009 SEP 22 AM 8:45
CLERK
S. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TRACY ANTHONY MILLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 109-067 |
| | ) | |
| VICTOR WALKER, Warden, and | ) | |
| THURBERT E. BAKER, Attorney | ) | |
| General of the State of Georgia, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, proceeding *pro se*, brought the captioned matter pursuant to 28 U.S.C. § 2241. He seeks leave to proceed *in forma pauperis* ("IFP"). (Doc. no. 2). For the following reasons, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED**, that his motion to proceed IFP be **DENIED** as **MOOT**, and that this civil action be **CLOSED**.[1]

### I. BACKGROUND

Petitioner, an inmate incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, alleges the following in his petition. Petitioner states that in January 2009, he was placed in administrative segregation on the basis of fabricated disciplinary reports without proper notification or a hearing. (Doc. no. 1, pp. 6-7). With respect to his allegation

---

[1] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing Respondents to respond to the instant petition. 28 U.S.C. § 2243.

that he was not afforded a hearing, Petitioner maintains that Respondent Walker does not allow inmates to call witnesses or present documentary evidence at any disciplinary or segregation placement hearings. (Id. at 10).

Petitioner further alleges that he was again placed in administrative segregation based on an incident that occurred on May 19, 2009, when he was falsely charged with destruction of property, even though the damage resulted from involuntary muscle spasms. (Id. at 8-9). He also alleges that on June 2, 2009, he was falsely charged with exposure, despite the fact that he was simply using a urine catheter and has a limited amount of privacy. (Id.). He contends that he was placed in administrative segregation because of his disability and in retaliation for filing, and threatening to file, multiple grievances and lawsuits and that his "unlawful placement" violates his rights under the Due Process Clause and Equal Protection Clause. (Id. at 7-8). Even though he is serving a life sentence, Petitioner further contends that his placement in administrative segregation has somehow resulted in a longer prison sentence. (Id. at 2, 10).

## II. DISCUSSION

The Court begins by noting that Petitioner is attempting, in the same case, to petition for habeas corpus relief under § 2241 and to assert a claim or claims pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*, and the Rehabilitation Act, 29 U.S.C. § 701 *et seq*. Indeed, in this case Petitioner seeks to challenge prison disciplinary proceedings, which might be appropriate in a § 2241 petition.[2] See Kenney v. Barron, 239 Fed. App'x 494, 494-95 (11th Cir. 2006) (*per curiam*) (considering a challenge

---

[2] Section 2241 empowers the Court to act when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

2

to loss of good conduct time in prison disciplinary proceeding in a § 2241 petition); Stiger v. Grayer, 159 Fed. App'x 914, 914 (11th Cir. 2005) (*per curiam*) (same).³ At the same time, Petitioner seeks injunctive relief for alleged violations of his rights under the Constitution and various federal statutes, relief that may be granted in a civil rights lawsuit. See, e.g., Smith ex rel. Smith v. Siegelman, 322 F.3d 1290, 1294 n.12 (11th Cir. 2003) (noting that the plaintiff was allowed to proceed with claims for injunctive relief under § 1983); Jairath v. Dyer, 154 F.3d 1280, 1283 (11th Cir. 1998) (noting that "a private right of action for injunctive relief does exist under the ADA"); Lussier v. Dugger, 904 F.2d 661, 670 n.10 (11th Cir. 1990) (noting that appellant's claims for "equitable relief" against defendants in their official capacities were not barred under the Rehabilitation Act).

However, Petitioner may not seek both habeas relief and injunctive relief for civil rights violations in the same action. With respect to Petitioner's § 1983 and habeas claims, the Supreme Court has stated that § 1983 is the appropriate course of relief for a state prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). However, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus." Id. at 500. More specifically, as alluded to above, a state prisoner challenging a "state prison disciplinary proceeding that allegedly violates his due process rights" may file a habeas petition under § 2241. Tedeso v. Sec'y for Dep't of Corr.,

---

³Other courts have also recognized that challenges to prison disciplinary proceedings may be considered in § 2241 petitions. See Carmona v. United States Bureau of Prisons, 243 F.3d 629 (2d Cir. 2001); Henson v. United States Bureau of Prisons, 213 F.3d 897 (5th Cir. 2000) (*per curiam*).

190 Fed. App'x 752, 755-56 (11th Cir. 2006) (*per curiam*) (citation omitted). Moreover, the difference in filing fees prohibits the Court from considering habeas and civil rights claims in the same action: the requisite filing fee for a civil rights action is $350.00, while the filing fee for a habeas petition is only $5.00. Thus, the petition is due to be dismissed on this basis alone.

Even if the Court were to consider both Petitioner's habeas and civil rights claims in this action, it would still recommend dismissal of the petition. As to Petitioner's civil rights claims that he was placed in administrative segregation because of his disability and in retaliation for filing, and threatening to file, multiple grievances and lawsuits, these claims are already being considered in the case of Miller v. King, Civil Case No. 698-109 (S.D. Ga. Aug. 4, 1998) (hereinafter "CV 698-109").[4] Moreover, Petitioner has raised several claims under the ADA in CV 698-109, and Defendants in that case contend that Petitioner is housed in administrative segregation because it is the housing unit that best suits Petitioner's needs as a wheelchair-bound inmate. Stated otherwise, Petitioner's claims that he was wrongly placed in administrative segregation are being considered in CV 698-109, and it would be inappropriate for the Court to rule on the merits of these civil rights claims in this action when the reason for his placement is a central issue in a separate action.

---

[4]Petitioner has also filed another civil rights case, which has been stayed pending settlement negotiations in CV 698-109. See Miller v. Owens, Civil Case No. 105-153, doc. no. 56 (S.D. Ga. Mar. 4, 2009) ("CV 105-153"). While the Honorable James E. Graham, United States Magistrate Judge, has indicated that "settlement is unlikely," CV 698-109, doc. no. 334, the fact remains that the civil rights claims Petitioner presents in the instant petition are still being considered in a separate action. The Court is also aware that Petitioner has filed several motions to re-open CV 105-153. See CV 105-153, doc. nos. 57 - 60. However, the presiding District Judge has not ruled on these motions, and thus, this case remains stayed.

As to Petitioner's challenge to prison disciplinary proceedings that are appropriate in a § 2241 petition, the Court notes that "habeas corpus actions require a petitioner fully to exhaust state remedies." Wilkinson v. Dotson, 544 U.S. 74, 79 (2005). The exhaustion doctrine, "first announced" in Ex parte Royall, 117 U.S. 241 (1886), requires the petitioner to "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) (§ 2254 case). The Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a "fair opportunity" to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). In order to afford the state courts this "full and fair opportunity" to address his claims, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845.

In this case, while Petitioner alleges that he has exhausted his state judicial remedies with respect to his habeas claims (see doc. no. 1, p. 6), he provides no details of the steps he took to exhaust these remedies.[5] Furthermore, based on the Court's knowledge of the extensive state appellate review process, it would not be possible for Petitioner to have fully exhausted his claims with respect to the events he alleged occurred in January 2009, May 2009,

---

[5]The Court is aware that Petitioner has attached a copy of an Order from the Superior Court of Fulton County to his § 2241 petition, which states that a petition filed by Petitioner was dismissed. (See doc. no. 1, p. 14). However, this Order is dated July 30, 2008, well before the events Petitioner describes in this petition allegedly occurred. Accordingly, the July 30th Order does not demonstrate that Petitioner exhausted his state judicial remedies with respect to the claims he raises in this petition. Neither does Petitioner's reference to "Grievance Appeal No. 5169" demonstrate that he has exhausted his state *judicial* remedies.

5

and early June 2009, when he executed this petition on June 19, 2009. (See doc. no. 1, p. 13). Therefore, even looking beyond the fact that Petitioner has impermissibly asserted habeas claims and civil rights claims in the same action, he has not exhausted his state remedies with respect to his habeas claims, and therefore they should be dismissed.

### III. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that this petition filed pursuant to 28 U.S.C. § 2241 be **DISMISSED**, that the motion to proceed IFP be **DENIED** as **MOOT**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 21st day of September, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE