IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TRACY ANTHONY MILLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 109-067 |
| | ) | |
| VICTOR WALKER, Warden, and | ) | |
| THURBERT E. BAKER, Attorney | ) | |
| General of the State of Georgia, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the conclusion reached in the Magistrate Judge's Report and Recommendation, to which objections have been filed. As discussed in further detail below, the "supplement" filed by Petitioner in response to the Report and Recommendation significantly changes the nature of the this action, but it does not change the Court's opinion with respect to the ultimate conclusion reached by the Magistrate Judge that this case should be dismissed.

The Magistrate Judge recommended that Petitioner's habeas petition filed pursuant to 28 U.S.C. § 2241 be dismissed for several reasons. First, Petitioner had impermissibly attempted, in the same case, to petition for habeas corpus relief (in challenging prison disciplinary proceedings), and to assert a claim or claims pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act, 29

U.S.C. § 701 *et seq* (in requesting injunctive relief for alleged violations of his rights under the Constitution and various federal statutes). (See doc. no. 3, pp. 2-4). The Magistrate Judge also noted that even if Petitioner's habeas and civil rights claims could be considered in the same action, a recommendation of dismissal would still be appropriate because Petitioner's civil rights claims that he was placed in administrative segregation because of his disability and in retaliation for filing grievances and lawsuits are under consideration in another civil action pending in this District. (Id. at 4 (citing Miller v. King, Civil Case No. 698-109 (S.D. Ga. Aug. 4, 1998))). In other words, the Magistrate Judge found that it would be inappropriate to rule on the merits of Petitioner's civil rights claims when the reason for his placement in administrative segregation is a central issue in a separate action. (Id.). Finally, as to Petitioner's habeas claim challenging prison disciplinary proceedings, the Court found that Petitioner had not demonstrated that he had exhausted his state judicial remedies. (Id. at 5-6).

Petitioner filed four sets of objections and a "supplement" to his petition in response to the Magistrate Judge's Report and Recommendation. (See doc. nos. 5, 6, 7, 8, 9). Petitioner initially informed the Court that he only wished to pursue his habeas claims challenging his placement in administrative segregation and insisted that he had exhausted all state judicial remedies. (See doc. no. 5, p. 5). However, in later objections, Petitioner made multiple references to violations of his constitutional rights and his habeas claims, indicating that he possibly intended to pursue both sets of claims in this case. (See doc. no. 6, p. 2; doc. no. 7, pp. 2, 4-5, 7; doc. no. 8, p. 2 & Ex. B). That said, in his last filing in this case, the "supplement" to his petition, Petitioner states that in this case, he only intends to

2

challenge his burglary conviction, for which he received a ten-year sentence that is to be served consecutive to his life sentence for murder. (Doc. no. 9, pp. 1, 3). Petitioner contends that this conviction is affecting his eligibility for parole and that, therefore, this action is appropriately brought pursuant to § 2241. (Id. at 1). In challenging his burglary conviction, Petitioner makes various allegations involving ineffective assistance of counsel, double jeopardy, withholding of evidence by the prosecution, erroneous jury instructions, and errors in the indictment and jury verdict form. (Id. at 4-8). Notably, Petitioner specifically references another habeas petition filed with the Court in a separate civil action in October 2009 that challenges the same burglary conviction referenced in the "supplement," and Petitioner states that he is adopting the petition filed in that case as his petition in the instant action. (Id. at 9; see also Miller v. Walker, Civil Case No. 109-131, doc. no. 1 (S.D. Ga. Oct. 27, 2009) ("CV 109-131")).

Notably, however, the petition filed by Petitioner in CV 109-131 has been dismissed. While the Court need not repeat the reasoning for dismissal of that petition in its entirety, a brief summary will be helpful. Although Petitioner contended that his petition in CV 109-131 was brought pursuant to § 2241, the Magistrate Judge found that he was actually requesting relief pursuant to 28 U.S.C. § 2254. CV 109-131, doc. no. 3, p. 5. The Magistrate Judge further found that Petitioner had previously filed a § 2254 petition that was denied on the merits, as well as three other § 2254 petitions that were all dismissed as second or successive.[1] Id. at 6 (citations omitted). Accordingly, the Magistrate Judge found that the

---

[1] As noted in the Report and Recommendation entered in CV 109-131, two of the three petitions that were dismissed as second or successive were actually filed pursuant to § 2241. CV 109-131, doc. no. 3, pp. 2-3 (citations omitted). However, because Petitioner was

3

petition filed in CV 109-131 was Petitioner's fifth § 2254 petition filed with this Court. Id. Having made these findings, the Magistrate Judge went on to note before a second or successive habeas petition is filed in the district court, the petitioner must receive authorization from the appropriate court of appeals authorizing the district court to consider the application. Id. at 6-7 (citing 28 U.S.C. § 2244(b)(3)(A)). However, Petitioner had not stated that he had sought or received permission to file a second or successive petition, nor had the Court received authorization from the Eleventh Circuit to address the petition.[2] Id. at 8. Accordingly, the Magistrate Judge recommended dismissing the petition, id. at 9, and the recommendation was adopted as the opinion of the Court. CV 109-131, doc. no. 7.

Likewise, in this case, despite Petitioner's assertions to the contrary, the Court finds that Petitioner is seeking relief pursuant to § 2254, not § 2241. As discussed above, Petitioner has attempted at least 3 other times to circumvent the gatekeeping provision of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, that bans petitioners from filing second or successive petitions for habeas corpus relief in the district courts. See 28 U.S.C. § 2244(b)(3)(A). The Eleventh Circuit has addressed this practice of state prisoners attempting to use § 2241 to circumvent the more restrictive requirements of § 2254, finding that "if a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition is subject to § 2254." Medberry v. Crosby, 351 F.3d

---

requesting relief pursuant to § 2254 in those petitions, the Court treated them as ones filed pursuant to § 2254, rather than § 2241. Id. at 3 (citations omitted).

[2]As noted in the Report and Recommendation entered in CV 109-131, Petitioner has sought--and been denied--authorization from the Eleventh Circuit Court of Appeals to file a second or successive petition on several other occasions. CV 109-131, doc. no. 3, p. 8 n.8 (citations omitted).

4

1049, 1062 (11th Cir. 2003). As Petitioner is in custody pursuant to the judgment of a state court and is challenging the basis for his burglary conviction, the Court will treat Petitioner's "supplement" as a habeas petition filed pursuant to § 2254.

As discussed above, Petitioner has brought one § 2254 petition that was dismissed on the merits, see Miller v. Sikes, CV 196-195, doc. no. 111, *adopting* doc. no. 84 (S.D. Ga. Nov. 6, 1998), and four other § 2254 petitions that were dismissed as second or successive, including the petition dismissed in CV 109-131. Miller v. Hall, CV 101-119, doc. no. 9, *adopting* doc. no. 3 (S.D. Ga. Oct. 2, 2001); Miller v. All Georgia Judges, CV 104-082, doc. no. 21, *adopting* doc. no. 10 (S.D. Ga. July 21, 2004); Miller v. Chase, CV 105-093, doc. no. 5, *adopting* doc. no. 1 (S.D. Ga. Aug. 11, 2005); CV 109-131, doc. no. 7, *adopting* doc. no. 3. Therefore, the Court finds that this "supplement" is Petitioner's sixth application filed with this Court.

Notably, "[b]efore a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C § 2244(b)(3)(A). Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999). Without this authorization, the district court correctly dismisses second and successive habeas corpus applications. In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997) (*per curiam*). Like in CV 109-131, Petitioner does not state that he has either sought or been granted permission to file a second or successive § 2254 petition in this Court, nor has this Court received authorization to address such a petition. Without this authorization from the

Eleventh Circuit Court of Appeals, this Court cannot consider Petitioner's claims.

For the reasons discussed above, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court, as modified herein. Therefore, the motion to proceed *in forma pauperis* is **DENIED** as **MOOT**, and this civil action is **CLOSED**.

SO ORDERED this 12th day of January, 2010, at Augusta, Georgia.

J. RANDAL HALL
UNITED STATES DISTRICT JUDGE